**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No.  08-1192-MLB |
| | ) | |
| v. | ) | No.  06-10186-01 |
| | ) | |
| JOSEPH N. WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the court is defendant's motion pursuant to 28 U.S.C. § 2255 (Doc. 73). Defendant has not sought to leave to proceed in forma pauperis but had he done so, the court would have denied leave pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)(ii).

Defendant's motion and the files and records conclusively show that defendant is entitled to no relief.

The facts of this case are set forth in considerable detail in the Tenth Circuit's Order and Judgment of February 15, 2008 (Case No. 07-3019) (Doc. 71). The Tenth Circuit affirmed defendant's sentence of 147 months imprisonment. Defendant now contends that his trial and appellate counsel were ineffective because they did not argue that his plea agreement was ambiguous and that ". . . the rule of lenity applied along with the rules of contract." Defendant's argument is that in the plea agreement, he and the government agreed to a binding sixty month sentence. This argument is completely bogus. The plea agreement stated, in pertinent part, that the government would agree to recommend a sentence not to exceed sixty months. However, when the court went over the plea agreement with defendant, he stated: "Now,

the Government's making certain agreements here.  They're agreeing to recommend a five year sentence – sentence not to exceed five years. . . . but the Government's recommendations are simply that.  They can make recommendations . . . but I don't have to follow them.  So, you know, I can't tell you today whether I will."  Defendant acknowledged that he understood the court's statements.  (Doc. 59 at 9-10).  As the Tenth Circuit pointed out in considerable detail in its Order and Judgment, the court, after reviewing the presentence report, notified defendant that he was considering an upward departure, something he was not required to do, and ultimately departed upward to a sentence of 147 months.  The Court of Appeals affirmed the upward departure.

Counsel cannot be ineffective for failing to make frivolous arguments.  Defendant's present arguments are just that: frivolous.  No competent, responsible lawyer would advance such contentions.

Accordingly, defendant's motion is denied.  Should defendant pursue an appeal, the court will deny an application for certificate of appealability, 28 U.S.C. § 2253(b)(2), and leave to appeal in forma pauperis, if sought, will be denied because any appeal will not be taken in good faith.  28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

Dated this   10th    day of July 2008, at Wichita, Kansas.

                                              s/ Monti Belot
                                              Monti L. Belot
                                              UNITED STATES DISTRICT JUDGE